## Imhoff v. Fronhoeffer.

*Judgment—Marking judgment to use of another.*

An order making absolute a rule to mark a judgment to the use of another, will not be set aside at the instance of the defendant, where it appears that defendant made no objection to the rule and did not even appear, and the only ground subsequently alleged for her neglect was that the plaintiff in the judgment had told her that he would look after the matter and protect her rights.

*Judgment—Opening judgment—Assignment of judgment.*

On a rule to open a judgment which had been assigned to another person, the rule is properly discharged where the unsupported oath of the defendant that she had settled with the plaintiff without notice of the assignment of the judgment, is positively contradicted by a witness of the use plaintiff corroborated by all the circumstances of the case.

Argued April 8, 1901. Appeal, No. 22, April T., 1901, by defendant, from order of C. P. No. 3, Allegheny Co., May T., 1898, No. 270, discharging rule to show cause why an order marking a judgment to the use of another should not be set aside, and the defendant let into the defense, in case of Henry Imhoff v. Alvine Fronhoeffer. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to show cause why an order marking a judgment to the use of a third person should not be set aside, and the defendant be let into a defense.

The facts are set forth in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*W. A. Hudson,* with him *George A. Sturgeon,* for appellant.— Actual notice of the assignment of a judgment must be given

to the debtor: Bury v. Hartman, 4 S. & R. 178; Gaullagher v. Caldwell, 22 Pa. 300; Henry v. Brothers, 48 Pa. 70; Cowden v. McClelland, 4 Montg. 133; Foster v. Carson, 159 Pa. 477; Lee v. Sallada, 7 Pa. Superior Ct. 98; Hodgdon v. Naglee, 5 W. & S. 217.

There was no paper-book, or appearance for appellee.

OPINION BY RICE, P. J., May 23, 1901:

This judgment was entered on note with confession on April 14, 1898. On January 27, 1900, a rule was granted to show cause why the same should not be marked to the use of Mary Wassenfallen as collateral security for the payment of a certain judgment which she held against Henry Imhoff, the plaintiff in the present judgment. This rule was duly served on Imhoff and the defendant, and in due course was made absolute, neither party filing an·answer to the petition, or making any objection to the order prayed for, or even appearing. Subsequently the defendant applied for and obtained a rule to show cause why the foregoing order should not be set aside, and she be let into a defense. An answer was filed, depositions were taken, and after hearing the rule was discharged. From the latter order this appeal was taken.

The only excuse which the defendant offered for her neglect to appear and object to the order prayed for by Mary Wassenfallen was, that Henry Imhoff, the plaintiff in the judgment, told her that he would look after the matter and protect her rights. This was not a valid excuse. She was not justified in relying on him to protect her against a third person who was claiming adversely to both of them; and having had her day in court she was not in position to demand as a matter of right the revocation of the order marking the judgment to the use of Mary Wassenfallen. This is all that need be said as to that branch of the rule°under consideration.

The next and the really important question is as to her right to have the judgment opened and to be let into a defense. It is not necessary to cite authorities for the proposition that the law casts upon the assignee of a judgment note the duty of notifying the obligor of the change of ownership in order to protect his right, and prevent extinguishment of the debt by pay-

ment to the obligee.   We assume, for the purposes of this case, that upon the hearing of the rule to show cause why she should not be let into a defense, the defendant could successfully invoke the application of this principle, if the facts warranted, notwithstanding her neglect to oppose the making absolute of the prior rule to show cause why the judgment should not be marked to the use of Mary Wassenfallen.

The defendant alleges that she had a settlement with the plaintiff in April, 1899, at which time she received a receipt in full for the judgment.   In a sense she is corroborated by the plaintiff, but it is a significant fact that the alleged settlement was not made until after Mary Wassenfallen had issued execution upon the judgment which Henry Imhoff, the plaintiff, had stayed.   It is also remarkable that neither Imhoff nor the defendant was able to testify as to the amount that was paid on the date of this alleged settlement.   Granting, however, the fact of payment by the defendant to the legal plaintiff in April, 1899, how does this effect the right of Mary Wassenfallen to whom the judgment note had been equitably assigned prior to its entry of record.   The answer to this question depends upon the determination of the question of notice to the defendant of this assignment prior to April, 1899.   The defendant in her petition alleges that she had no notice, and Mary Wassenfallen alleges in her answer that she was notified.   Without rehearsing the evidence pro and con upon this question, it is sufficient to say that a finding that she had notice is implied in the adjudication from which this appeal was taken.   In the state of the proofs it was a case in which it was the plain duty of the court to weigh the testimony, and after an examination of it we are of opinion that it so clearly preponderates in favor of the contention of the use plaintiff that the court committed no error, certainly is chargeable with no abuse of discretion, in discharging the rule.   Upon the question of notice there is merely the oath of the defendant against the equally positive testimony of the use plaintiff's witness, which is corroborated by all the circumstances of the case.

The order is affirmed and appeal dismissed at the costs of the defendant.